IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PETS GLOBAL, INC.,** | : | CIVIL ACTION NO. 1:18-CV-1256 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **M2 LOGISTICS, INC.,** and **HABIL TRANSPORTATION LLC,** | : | |
| Defendants | : | |

# MEMORANDUM

Plaintiff Pets Global, Inc. ("Pets Global"), asserts a single claim for violation of the Carmack Amendment, 49 U.S.C. § 14706. Before the court is a motion (Doc. 35) filed by defendant Habil Transportation LLC ("Habil") to set aside the default entered against it pursuant to Federal Rule of Civil Procedure 55(c).

## I. Factual Background & Procedural History

Pets Global contracted with defendant M2 Logistics, Inc. ("M2"), to deliver pet food products (the "cargo") from Minnesota to Pennsylvania. (Doc. 13 ¶ 7). M2 issued a bill of lading for the cargo. (Id. ¶ 9). M2 then subcontracted with Habil to transport the cargo to its destination. (Id. ¶ 11). The cargo was supposed to be delivered on December 22, 2017, but never arrived. (Id. ¶¶ 13-14). Pets Global alleges that the location of the cargo is unknown. (Id. ¶ 14). Based on these events, Pets Global commenced this action asserting a single claim for violation of the Carmack Amendment against both M2 and Habil.

The instant motion concerns Habil's alleged failure to timely plead or defend in response to Pets Global's pleadings. On October 1, 2018, Pets Global requested

that the Clerk of Court enter default against Habil. (Doc. 30 at 1). In support of its request, Pets Global provided an affidavit of Paul J. Kozacky, Esq. ("Attorney Kozacky"), outlining Pets Global's efforts to serve Habil. (Doc. 30-1). Attorney Kozacky avers that Habil was served with the original complaint by a licensed process server on June 29, 2018, at its then-principal place of business at 2301 Sixteenth Avenue South, Minneapolis, Minnesota. (Id. ¶ 3; see also Doc. 37-1 at 1). Attorney Kozacky further avers that, on August 3, 2018, Pets Global mailed a copy of its first amended complaint by certified mail to the 2301 Sixteenth Avenue South location. (Doc. 30-1 ¶ 4). Habil failed to appear or to respond to either pleading.

The Clerk of Court entered the requested default against Habil on October 11, 2018. (Doc. 32). Habil now moves to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c). (Doc. 35). The motion is fully briefed and ripe for disposition.

## II. Legal Standard

A court may set aside an entry of default for "good cause." FED. R. CIV. P. 55(c). In determining whether good cause exists, the court must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was a result of the defendant's culpable conduct." Doe v. Hesketh, 828 F.3d 159, 175 (3d Cir. 2016) (alteration in original) (quoting United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). The decision whether to set aside default lies within the discretion of the court. $55,518.05 in U.S. Currency, 728 F.2d at 194 (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)). The Third Circuit disfavors

defaults and requires doubtful cases to be "resolved in favor of setting aside the default and reaching the merits." Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987) (citations omitted). The court may also consider the "effectiveness of alternative sanctions." See Emasco Ins. Co. v. Sambrick, 834 F.2d 71, 73-74 (3d Cir. 1987) (collecting cases).

### III. Discussion

Habil requests that the court set aside the default entered against it. Pets Global opposes Habil's motion, arguing that the relevant factors weigh against setting aside entry of default. We will address each factor *seriatim*.

#### A. Prejudice

A party is prejudiced when "circumstances have changed since entry of the default such that plaintiff's ability to litigate its claim is now impaired in some material way or if relevant evidence becomes lost or unavailable." Accu-Weather, Inc. v. Reuters Ltd., 779 F. Supp. 801, 802 (M.D. Pa. 1991) (citation omitted); accord Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 657 (3d Cir. 1982). The mere fact that a party will have to litigate its claims on the merits if default is set aside does not constitute prejudice. Griffin v. Lockett, No. 1:08-CV-1120, 2009 WL 179780, at *2 (M.D. Pa. Jan. 26, 2009) (citing Accu-Weather, Inc., 779 F. Supp. at 802). Financial costs incurred in the setting aside of default will rarely constitute prejudice at an early stage of litigation. See Feliciano, 691 F.2d at 656-57.

The court finds that Pets Global will not suffer material prejudice if entry of default is set aside. The parties have not commenced discovery, (Doc. 37 at 7; Doc. 38 at 8), and thus no further delay will result if Habil is permitted to defend this suit

3

on its merits. Pets Global does not contend that it has been prejudiced by loss of evidence. (See Doc. 37 at 7-8). Pets Global's only claims of prejudice involve the fees and costs incurred to procure the entry of default, as well as a delay in efforts to settle this matter amicably. (Id.) As this case is in its infancy, the fees and costs Pets Global incurred, without more, are not enough to constitute material prejudice. Therefore, the court concludes that this factor favors setting aside default.

### B. Meritorious Defense

A defendant possesses a meritorious defense when the "allegations of the defendant's answer, if established [at] trial, would constitute a complete defense to the action." $55,518.05 in U.S. Currency, 728 F.2d at 195 (quoting Tozer, 189 F.2d at 244). The defendant need not prove its defense at this juncture, see Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984), but general denials of liability will not suffice, see $55,518.05 in U.S. Currency, 728 F.2d at 195. To determine whether a defendant has alleged a complete defense, the court must look to the cause of action and what the defendant is required to prove to successfully defend against that action. See id. When deciding a motion to set aside entry of default, the lack of a meritorious defense alone may not be enough to deny the motion. See Mike Rosen & Assoc., P.C. v. Omega Builders, Ltd., 940 F. Supp. 115, 121 (E.D. Pa. 1996).

The Carmack Amendment governs liability of common carriers on bills of lading. 49 U.S.C. § 14706. To establish a *prima facie* case against Habil under the Carmack Amendment, Pets Global must prove: "(1) delivery of the goods to the initial carrier in good condition, (2) damage of the goods before delivery to their

4

final destination, and (3) [the] amount of damages." Paper Magic Grp., Inc. v. J.B. Hunt Transp., Inc., 318 F.3d 458, 461 (3d Cir. 2003) (quoting Beta Spawn, Inc. v. FFE Transp. Servs., Inc., 250 F.3d 218, 223 (3d Cir. 2001)). If Pets Global meets its burden, Habil can avoid liability by showing an absence of negligence and that the damage was caused entirely by an "act of God," "the public enemy," the conduct of the shipper itself, a "public authority," or "the inherent vice or nature of the goods." Id. (quoting Beta Spawn, 250 F.3d at 226).

Habil asserts that the driver of the vehicle delivering the cargo was involved in an accident through no fault of his own. (Doc. 38 at 6). The driver allegedly encountered "poor weather conditions [amounting] to an act of [G]od." (Id.) The cargo was then placed in a warehouse for storage, and Habil purportedly notified M2 of the accident as well as the cargo's location. (Id.) Pets Global responds with evidence to the contrary, claiming that weather conditions were not poor the day of the accident. (See Doc. 42-1). Pets Global further contends that Habil has not stated with sufficient specificity what weather conditions the driver purportedly encountered and whether these conditions qualify as an "act of God." (Doc. 42 at 1-2). Consideration of Pets Global's evidence is inappropriate at this juncture. Nonetheless, we find that Habil has *alleged* sufficient facts which, if proven, would constitute a complete defense. Therefore, this factor also weighs in favor of setting aside the entry of default.

### C. Culpable Conduct

A party's conduct is culpable when it is "taken willfully or in bad faith." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (quoting Gross v. Stereo

5

Component Sys., Inc., 700 F.2d 120, 124 (3d Cir. 1983)).  Mere negligence does not constitute culpable conduct.  Hritz, 732 F.2d at 1183.  A "serious breakdown in communication" among counsel supports a finding of excusable neglect.  Zawadski de Bueno, 822 F.2d at 421 (quoting Gross, 700 F.2d at 124).  However, a "reckless disregard for repeated communications from [opposing counsel] and the court, combined with [a] failure to investigate the source of a serious injury," may constitute culpable conduct.  Hritz, 732 F.2d at 1183.

Habil claims that its conduct was not culpable because it was never served with either the original complaint or the amended complaint.  (Doc. 36 at 4).  The parties submit competing evidence on this point.  Pets Global provides an affidavit by the process server to support its claim.  (Doc. 37 at 4; see Doc. 8).  Some courts have held that such an affidavit creates a rebuttable presumption that service did in fact occur.  See, e.g., The Closeout Grp!, Inc. v. Venator Elec. Sales & Serv., Ltd., No. 07-5292, 2009 WL 2431448, at *3 (E.D. Pa. Aug. 6, 2009) (quoting FROF, Inc. v. Harris, F. Supp. 827, 828-29 (E.D. Pa. 1988)).  Habil responds with the affidavit of Billie Hashi ("Hashi"), Habil's manager, who states that no individual authorized to accept service on Habil's behalf was served with a copy of either pleading.  (Doc. 38-1 ¶¶ 5, 7-8).  Habil further notes that it was in the process of moving its corporate headquarters at the time Pets Global attempted to effect service.  (Doc. 38 at 4; see Doc. 38-1 ¶¶ 2-3).  On this record, we cannot conclusively determine whether Habil was properly served.

Pets Global informed Habil's insurer of the instant action which Pets Global intimates was sufficient to place Habil on notice of this suit.  (Doc. 37 at 5).  Pets

Global provides no indication as to whether the insurer ever notified Habil during the relevant period. (See Docs. 37, 42). We decline to impute any failure of communication by the insurer to Habil.

Habil was clearly negligent. Habil failed to report its new location for its principal place of business to the proper state authority. (See Doc. 37-1). In addition, as a sophisticated shipping company, Habil should have known its obligations, and those of its insurer, with respect to damaged or undelivered cargo. However, Habil's actions do not rise to the level of willfulness or bad faith, nor can we find that Habil's conduct was a matter of trial strategy. See Wells v. Rockefeller, 728 F.2d 209, 214 (3d Cir. 1984). Moreover, Habil made arrangements for the cargo's safekeeping and notified its insurer following the accident, (Doc. 36 at 5; Doc. 38 at 4, 6), evincing Habil's good faith in the period preceding litigation. Therefore, this factor weighs in favor of setting aside the entry of default.

In close cases, courts should resolve disputes in favor of setting aside the entry of default. Gross, 700 F.2d at 122. This is not a close case. The lack of material prejudice to Pets Global, the potential defense asserted, and the absence of culpable conduct by Habil warrant setting aside the entry of default. Moreover, as explained *infra*, imposition of lesser sanctions is more appropriate in this case. Accordingly, we hold that "good cause" exists to set aside the entry of default against Habil.

### D. Alternative Sanctions

When determining an appropriate sanction, courts may consider, *inter alia*, the seriousness of the sanctionable conduct, the damage caused by the conduct, the

effect of the conduct on the administration of justice, and the sanctioned party's ability to pay. Agnew v. E*Trade Sec. LLC, 811 F. Supp. 2d 1177, 1185 (E.D. Pa. 2011). The purpose of an alternative sanction in this context is to compensate plaintiff and to deter such conduct in the future. Airtech v. Born Envtl. Servs., Inc., No. 02-8524, 2003 WL 22097489, at *2 (E.D. Pa. May 27, 2003) (citing Foy v. Dicks, 146 F.R.D. 113, 117 (E.D. Pa. 1993)).

We cannot condone Habil's failure to respond to this action until more than three months after its answer or an appropriate motion was due on July 20, 2018, despite our finding that the balance of the relevant factors favors setting aside the entry of default. Habil should have timely reported its new address to the appropriate state authority and implemented procedures to ensure it received relevant communications during its corporate relocation. These failures caused delay for both the court and for the remaining parties seeking an amicable resolution of this matter. (See Doc. 37 at 7). Habil's negligence also required the parties and the court to expend unnecessary resources.

We find that monetary sanctions are appropriate under the circumstances. Habil shall compensate Pets Global for the reasonable costs incurred to effect service on Habil. See Agnew, 811 F. Supp. 2d at 1186. We believe that this sanction effectively addresses Habil's negligent conduct and is less severe than an entry of default. Habil is admonished to fully comply with its litigation obligations moving forward.

**IV.** **Conclusion**

The court will grant Habil's motion (Doc. 35) to set aside entry of default and impose monetary sanctions on Habil for its negligent conduct. An appropriate order will issue.

     /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:    April 2, 2019